IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DANA BLACKMON as surviving spouse and Representative of the Estate of JACOB BLACKMON,<br>   *Plaintiff*,<br><br>   v.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE ALLAN B. POLONSKY UNIT, UTMB CORRECTIONAL MANAGED CARE, DANIEL DICKERSON, APRIL PERISINGER, TERESA JACKSON, and DR. ERNESTINE JULYE,<br>   *Defendants*. | CIVIL ACTION NO. 9:22-CV-182-MJT-CLS |

**MEMORANDUM ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 65]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On November 21, 2023, Judge Stetson entered a Report and Recommendation [Dkt. 65] advising the Court to grant Defendant University of Texas Medical Branch Correctional Managed Care's ("UTMB-CMC") Motion for Summary Judgment [Dkt. 52] on sovereign immunity grounds. Judge Stetson recommended the Court find UTMB-CMC was not a separate entity from UTMB and was, therefore, entitled to sovereign immunity through UTMB. In the alternative, Judge Stetson found that the *Clark* factors support finding UTMB-CMC is entitled to sovereign immunity even if the Court were to consider it a separate entity from UTMB.

I. **Plaintiff's Objections to the Report and Recommendation are Overruled**

A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Plaintiff filed timely and specific objections [Dkt. 68] on December 22, 2023, arguing the magistrate judge erred by (1) finding UTMB-CMC was not separate from UTMB and, therefore, entitled to UTMB's sovereign immunity, (2) looking to cases of this Court, as opposed to Texas courts, when analyzing the second *Clark* factor, (3) finding UTMB-CMC's funding weighs in favor of finding it is entitled to sovereign immunity, (4) finding no genuine dispute of material fact existed as to the third *Clark* factor, and (5) improperly applying the fourth *Clark* factor. The Court will address each of these objections and their subparts in turn.

    A. <u>The Magistrate Judge Properly Found UTMB-CMC is Not Distinct from UTMB for Sovereign Immunity Purposes</u>

In a previous Report and Recommendation [Dkt. 46 at 14] adopted by this Court, Judge Stetson requested the parties provide additional briefing on two issues: (1) whether Defendant UTMB-CMC is a separate entity from UTMB, and (2) if it is separate, is UTMB-CMC an arm of

the state under the *Clark* factors. For the first issue, Judge Stetson found that UTMB-CMC is not separate from UTMB and is, therefore, entitled to UTMB's sovereign immunity.

Plaintiff argues that UTMB-CMC is not entitled to UTMB's sovereign immunity for three reasons. First, Plaintiff points to *Bonin* to support the proposition that a division within a governmental agency is not entitled to the sovereign immunity of that agency [Dkt. 68 at 1-2]. While *Bonin* analyzes this issue under the first *Clark* factor, as opposed to the threshold matter addressed by Judge Stetson, this case ultimately bolsters Judge Stetson's conclusion. *Bonin v. Sabine River Auth.*, 65 F.4th 249, 255 (5th Cir.), *cert. denied*, 144 S. Ct. 287 (2023). *Bonin* states that the Sabine River Authority, the entity at issue, was "created as an independent authority" and "placed within the Department of Transportation and Development."[1]  *Id.*  On the other hand, UTMB-CMC is a division of UTMB pursuant to a contract between UTMB and the Texas Department of Criminal Justice ("TDCJ") [Dkt. 52-2 at 33]. UTMB-CMC is not a party to the contract, nor is it financially responsible for any aspect of its operations [*Id.*].

Second, Plaintiff claims Judge Stetson improperly relied on *Salazar* and *Canada Hockey*, because "a court cannot extend a holding that finds a similar entity was an arm of the state." Plaintiff cites *Hudson* as support for this argument, but *Hudson* merely states that analogies to other cases cannot "replace" the *Clark* factors. *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999). Judge Stetson, however, applied *Salazar* and *Canada Hockey* to support the proposition that the Court need not reach the *Clark* factors because UTMB-CMC was, in no meaningful way, separate from UTMB. *Salazar* treated UTMB-CMC as synonymous with UTMB, meaning this Court need not reach the *Clark* factors as UTMB is well established as an arm of the state. *Salazar v. U.T.M.B. C.M.C.*, No. 5:19-CV-124-BQ, 2020 WL 6556031, at *3

---

[1] *Bonin* also held that the first *Clark* factor modestly weighed in favor of finding the Sabine River Authority was entitled to sovereign immunity. *Bonin*, 65 F. 4th at 259.

(N.D. Tex. Jan. 27, 2020), *R&R adopted sub nom. Salazar v. U.T.M.B. C.M.C*, No. 5:19-CV-124-C, 2020 WL 5757491 (N.D. Tex. Sept. 28, 2020). The Court agrees with Plaintiff that *Canada Hockey* alone, a case which applies the *Clark* factors, does not allow Judge Stetson to avoid applying the *Clark* factors due to apparent similarities. However, the Court views the inclusion of *Canada Hockey* as one piece of evidence that supports the finding that UTMB-CMC is indistinguishable from UTMB for Eleventh Amendment purposes.

Finally, Plaintiff asserts there is a genuine issue of material fact as to whether UTMB-CMC is a separate legal entity from UTMB based on "uncontroverted evidence" that the Report and Recommendation did not consider. Plaintiff alleges UTMB-CMC's human resource managers state "they are strictly employed as agents of Defendant CMC and made hiring decisions for Defendant CMC, not the UTMB" [Dkt objections at 3]. Alison McLellan, Senior Human Resources Manager, does say she works at UTMB-CMC and that UTMB-CMC hired individuals [Dkt. 53-4]. Likewise, Charlotte Kearney, Senior Human Resources Manager states that "although UTMB-CMC employees are assigned to a TDCJ facility and/or region to perform their job, they are UTMB-CMC employees at all times" [Dkt. 53-4]. These statements, however, do not change the fact that UTMB pays for employees under the UMTB-CMC umbrella, [Dkt. 52-2 at 33], and that the Senior Vice President of UTMB-CMC views UTMB-CMC as not a separate entity from UTMB [Dkt. 52-1 at 3]. Additionally, as cited by Plaintiff, a state audit of UTMB-CMC states that UTMB-CMC is a division of UTMB with "limited independent review," and refers to UTMB-CMC's costs and deficits belonging to UTMB [Dkt. 53-2 at 1-4].

For the forgoing reasons, the Court, making all inferences in favor of the Plaintiff, finds that Defendant UTMB-CMC is not a separate legal entity from UTMB and, therefore, UTMB-CMC is entitled to sovereign immunity. Plaintiff's objections to this finding are overruled.

B. Judge Stetson Properly Applied the *Clark* Factors

Judge Stetson also found that UTMB-CMC is entitled to sovereign immunity under the *Clark* factors [Dkt. 65 at 10]. Plaintiff objects to Judge Stetson's application of the first, second, third, and fourth *Clark* factors. The Court will address each objection in turn.

*i. Plaintiff's Objections to the First Clark Factor*

The first *Clark* factor looks at whether state law treats the entity as an arm of the state. *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 265-57 (5th Cir. 2020) (quoting *Providence Behav. Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 456 (5th Cir. 2018). In her Report and Recommendation, Judge Stetson addresses this factor by citing federal cases where courts found UTMB-CMC was entitled to UTMB's sovereign immunity [Dkt. 65 at 10-11]. Plaintiff argues federal court opinions are not considered under the first *Clark* factor. *Hudson v. City of New Orleans*, 174 F.3d 677, 683 (5th Cir. 1999) (citing *Pendergrass v. The Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 344–45 (5th Cir.1998)) ("[t]he first factor we take into account is how the state, through its constitution, laws, judicial opinions, attorney general's opinions, and other official statements, perceives the entity in question."). The Court sees some merit in Plaintiff's argument, but notably Plaintiff has not provided the Court any cases that show Texas does not treat UTMB-CMC as arm of the state. Instead, Plaintiff analogizes to other entities [Dkt. 53 at 14].

After reviewing Texas caselaw, the Court finds the first *Clark* factor still weighs in favor of finding UTMB-CMC is entitled to sovereign immunity. Texas caselaw treats claims against prison unit medical employees as claims against state actors entitled to qualified immunity in their individual capacity, meaning their employers would also be state actors entitled to sovereign immunity. *See, e.g.*, *Khoshdel v. Goosby*, No. 10-12-00011-CV, 2012 WL 5381410, at *1 (Tex.

5

App.—Waco Nov. 1, 2012) (holding prison medical staff to be state actors entitled to qualified immunity); *Herrera v. Spencer*, No. 13-02-386-CV, 2003 WL 22349599, at *1 (Tex. App.—Corpus Christi Oct. 16, 2003) (holding a suit against medical staff in the McConnell Unit of TDCJ in their individual capacities to be barred by qualified immunity).[2]

### ii. Plaintiff's Objections to the Second Clark Factor

The second *Clark* factor looks at an entity's funding and the financial liability of the state for the entity. *Daniel*, 960 F.3d at 265-57 (quoting *Providence Behav. Health*, 902 at 448, 456). Plaintiff, again citing *Bonin*, first objects to Judge Stetson's argument that because UTMB-CMC is legally indistinguishable from UTMB, the second *Clark* factor weighs in favor of finding UTMB-CMC is entitled to sovereign immunity. As explained above, the Court affirms Judge Stetson's analysis on the subject. *Supra* Section A.

Next, Plaintiff objects on the grounds that there is "uncontroverted" evidence of individuals who identify as exclusively employes of UTMB-CMC, and not UTMB generally. The Court has already explained that the record does not fully support Plaintiff's interpretation of the evidence. Furthermore, Plaintiff does not explain why this argument changes Judge Stetson's finding that UTMB-CMC employee indemnification supports sovereign immunity under the second *Clark* factor. Plaintiff cites *Vogt* and *Bonin* to support the argument that the second *Clark* requires the movant to offer evidence of indemnification statutes that apply to the entity-at-large rather than its individual employees. [Dkt. 53 at 17]. The Court interprets these cases differently.

In *Vogt*, the court considered an employee indemnification statute when determining if a levee district was an arm of the state but found that the statute in question explicitly excluded

---

[2] The Court notes that there appears to be no Texas case directly stating UTMB-CMC is entitled to sovereign immunity. However, the Court finds this supports Judge Stetson's first finding that UTMB-CMC is not a separate entity from UTMB for the purposes of sovereign immunity.

employees of a levee district suggesting a levee district was not an arm of the state. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 693 (5th Cir. 2002).  In *Bonin*, the court held the second *Clark* factor weighed against finding sovereign immunity for the Sabine River Authority because the agency was financially independent and the defendant failed to provide any evidence of indemnification statutes. *Bonin v. Sabine River Auth.*, 65 F.4th 249, 257 (5th Cir.), *cert. denied*, 144 S. Ct. 287 (2023).  In fact, the Sabine River Authority "generates its own revenues, can incur debts and borrow money, and is obligated to pay its debts out of its own funds, without drawing on state resources." *Id.*  In contrast, UTMB-CMC is funded through UTMB and TDCJ [Dkt. 52-2 at 33], its costs and deficits belonging to UTMB [Dkt. 53-2 at 1-4], and its employees are indemnified by the state.  TEX. CIV. PRAC. & REM. CODE ANN. § 104.001 (West).

Finally, Plaintiff objects on that ground that earmarked funds cut against the finding of sovereign immunity under the second *Clark* factor.  The Court finds this argument to be unresponsive to Judge Stetson's finding that UTMB-CMC, even if distinct for sovereign immunity purposes, is not a financially independent entity from UTMB.  Plaintiff offers no evidence that UTMB-CMC has its own debts or has had to pay its own judgments and, instead, asks the Court to ignore the uncontroverted facts that UTMB and TDCJ fund UTMB-CMC costs [Dkt. 52-2 at 33] and that UTMB-CMC employees are indemnified and represented by the state.  TEX. CIV. PRAC. & REM. CODE ANN. § 104.001 (West).  Plaintiff's objections about the second *Clark* factor are, therefore, overruled.

### iii.   *Plaintiff's Objections to the Third Clark Factor*

The third *Clark* factor examines an entity's autonomy over its day-to-day operations. *Daniel*, 960 F.3d at 265-57 (quoting *Providence Behav. Health*, 902 at 448, 456).  Plaintiff objects on the ground that there is a genuine dispute of fact as to this factor.  Instead of offering evidence

7

that would establish a dispute of fact, however, Plaintiff argues that the evidence considered in the Report and Recommendation "bears no weight on the third *Clark* factor" because it all merely shows UMTB-CMC is a division of UTMB [Dkt. 68 at 7]. The Court disagrees with Plaintiff's interpretation of the Report and Recommendation.

Based on the record, it is uncontroverted that the Senior Vice President of UTMB-CMC views UTMB-CMC as merely a part of UTMB, [Dkt. 52-1 at 2], the UTMB organizational chart shows UTMB-CMC as a part of UTMB, [*Id.* at 6], and contracts between UTMB and TDCJ determine UTMB-CMC activities [Dkt. 52-2]. Moreover, the Board of Regents of the University of Texas specifically delegated to the Senior Vice President the "authority to execute and deliver standard affiliation and program agreements associated with correctional managed care" [Dkt. 53-12]. If UTMB-CMC was truly independent, it would not need an explicit delegation to "execute and deliver" certain types of contracts. Even a state audit of UTMB-CMC, cited by Plaintiff, claims UTMB-CMC has "limited independent review." The Court is persuaded that UTMB-CMC lacks local autonomy for the purposes of Eleventh Amendment immunity. Plaintiff's objections to this factor are overruled.

### iv. Plaintiff's Objections to the Fourth Clark Factor

The fourth *Clark* factor questions whether the entity is concerned with statewide or localized problems. *Daniel*, 960 F.3d at 265-57 (quoting *Providence Behav. Health*, 902 at 448, 456). Citing *Vogt*, Plaintiff claims that any territorial boundary renders an entity local in nature for the purposes of this factor. However, as Plaintiff notes, *Vogt* states that "[l]imited territorial boundaries *suggest* that an agency is not an arm of the state." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 695 (5th Cir. 2002) (emphasis added). This suggestion should not swallow the rule. In fact, *Vogt* goes on to draw a distinction between local issues such as primary

education and statewide issues such as undergraduate education at state institutions. *Id.* (*citing Delahoussaye v. City of New Iberia*, 937 F.2d 144, 148 (5th Cir. 1991)).

Conceding that UTMB-CMC addresses a statewide issue, Plaintiff then cites *Cozzo* and *McDonald* to support the proposition that addressing a "statewide problem" is not enough for the fourth *Clark* factor. The Court interprets these cases differently. The defendant in *Cozzo* was a parish government, which is inherently "concerned with local problems." *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 282 (5th Cir. 2002). *McDonald* concerned a levee district that "functions for the limited purpose of building, repairing, and maintaining the levees within a specific geographic area." *McDonald v. Bd. of Mississippi Levee Comm'rs*, 832 F.2d 901, 908 (5th Cir. 1987).

There is no dispute that Defendant UTMB-CMC addresses the statewide problem of inmate healthcare [Dkt. 52-1 at 4]. UTMB-CMC has a wide geographic footprint, cares for 78% of offenders in TDCJ custody, and provides healthcare to inmates from *all over Texas* at local prison units and at the hospital in Galveston [*Id.*]. Accordingly, Plaintiff's objection to the fourth *Clark* factor is overruled.

### C. Conclusion

The Court finds that UTMM-CMC is not legally distinct from UTMB for Eleventh Amendment purposes and is, therefore, entitled to UTMB's sovereign immunity. In the alternative, the Court finds Defendant UTMB-CMC would be entitled to a directed verdict finding it is an arm of the state under the *Clark* factors and, thus, entitled to sovereign immunity.

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiff's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiff's

objections [Dkt. 68] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 65] is ADOPTED. Defendant UTMB-CMC's Motion for Summary Judgement [Dkt. 52] is GRANTED, and all of Plaintiff's claims against UTMB-CMC are dismissed without prejudice.

    IT IS SO ORDERED.

        **SIGNED this 23rd day of January, 2024.**

        _____
        Michael J. Truncale
        United States District Judge